UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 14-40005-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATION |
| LANCE MAJESTIC HOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Lance Majestic House, is charged with one count of on or about July 26, 2013, knowingly possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant moves to suppress as evidence the identification of Lance Majestic House by a witness after the witness was shown a picture line up that included a photo of defendant. Docket 19. Defendant contends his due process rights were violated when he was singled out in that he is the only person in the pretrial identification lineup with a pony tail. In addition, defendant contends only one other person in the lineup had tattoos on his neck, and that this other individual with tattoos on his neck had a completely different hair style—a shaved head.[1] Defendant also

---

[1] While the court agrees this individual has a short haircut, the court would not describe this individual as having a shaved head.

contends he has lighter skin than the other individuals in the photo lineup, and all of the men with the exception of defendant and one other individual were Afro-American.

Magistrate Judge John E. Simko conducted an evidentiary hearing on March 5, 2014, with regard to the motion to suppress the results of the photographic lineup. After hearing testimony, receiving exhibits and written argument and hearing oral argument, Magistrate Judge Simko issued a report and recommendation in which he recommended that defendant's motion to suppress be denied. Docket 24. Defendant filed objections to the report and recommendation. Docket 25.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636 (b)(1) a district court judge shall make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. After carefully conducting a de novo review of the magistrate judge's findings and recommendations and a review of the entire record in this case, this court accepts the findings and recommendations of the magistrate judge as set forth in this memorandum opinion.

## FACTUAL BACKGROUND

At the March 5, 2014, evidentiary hearing Emmet Warkenthein, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, testified that he was called on July 26, 2013, regarding defendant's arrest and to follow up an investigation regarding the possibility of defendant being in possession of a firearm and having a previous conviction for a felony offense.

As part of his investigation Agent Warkenthein met with witness Taylor Hruska, the person identified in the police reports as having called the 911 dispatch on July 26, 2013, after looking outside her window and observing individuals getting into a fight or loud discussion. The witness reported observing one individual pull out a small gun, which she described as a pistol, pointing it at the other individual, and then racking the slide two times.

The witness provide a physical description of the individual with the gun to the police. She described the individual as wearing a black shirt, blue jeans or jeans, and a red hat. Agent Warkenthein testified that the witness did not describe the person's skin tone or racial ethnicity. Suppression Hearing Transcript, p. 6.[2]

When Agent Warkenthein met with witness Taylor Hruska on August 20, 2014, he showed her a colored photo lineup. The photo lineup that contains photos

---

[2] The government's brief contends the witness described the individual with the gun as being a black man. Docket 21. The police report was not admitted into evidence.

of six individuals is Government's Exhibit No. 1. Agent Warkenthein testified that witness Taylor Hruska immediately pointed out Photo No. 2 as the individual she saw pull out the gun. Defendant Lance Majestic House is the person shown in Photo No. 2. Although the photo lineup individuals' names were visible to the witness at the time she made the identification, she had no prior dealings with defendant and did not know his name.

Agent Warkenthein testified that the process used to select the particular photos for the lineup in Government's Exhibit No. 1 was conducted by an intel analyst at the Sioux Falls Police Department who used a program on the department's computer to utilize all the booking photos of individuals who had been booked into the Minnehaha County Jail, and then utilized those photos to try to obtain one similar to the individual who had been arrested—defendant Lance Majestic House. Certain criteria such as dark hair, tattoos, et cetera, were utilized to attempt to formulate a lineup of individuals with similar features and similar appearance to defendant Lance Majestic House.

Agent Warkenthein testified on cross-examination that it was unknown to him whether defendant was Hispanic, Black, or Native American, and that in compiling the lineup pretty much all of the races were involved.[3] Law enforcement

---

[3] Defendant's Criminal Case Cover Sheet in this case identifies his race as Black. In another case involving this defendant, the Criminal Case Cover Sheet identifies his race as Hispanic.

was focusing on trying to find similar skin tones, dark hair chin beard, and tattoos. Three of the six individuals had neck tattoos. Defendant contends he had a bushier haircut than others in the photo lineup.

Agent Warkenthein testified that the Bureau of Alcohol, Tobacco, and Firearms utilizes a six-pack photo lineup where six photos are laid out at one time. Agent Warkenthein made no suggestion to the witness as to which person in the six-pack was the suspect.

## ADMISSION OF IDENTIFICATION EVIDENCE

In order to show that a pretrial identification procedure was unreliable, defendant has the burden to first establish that the photographic spreads shown to witnesses were "impermissibly suggestive," and, second, that under the totality of the circumstances, the suggestive confrontation created a very substantial likelihood of irreparable misidentification. *United States v. Martin*, 391 F.3d 949, 952 (8th Cir. 2004).

In *Perry v. New Hampshire*, 132 S. Ct. 716, 720-721 (2012), the Supreme Court stated:

> We have not extended pretrial screening for reliability to cases in which the suggestive circumstances were not arranged by law enforcement officers. Petitioner requests that we do so because of the grave risk that mistaken identification will yield a miscarriage of justice. Our decisions, however, turn on the presence of state action and aim to deter police from rigging identification procedures, for example, at a lineup, showup, or photograph array. When no improper law enforcement activity is involved, we hold, it suffices to test reliability

5

through the rights and opportunities generally designed for that purpose, notably, the presence of counsel at postindictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement that guilt be proved beyond a reasonable doubt.

The court finds there were no suggestive circumstances in the photo lineup arranged by law enforcement in the case at hand. While there were some differences in the photos of the lineup, a reasonable effort was made to harmonize the photos in the lineup.

In rejecting defendant's claim that the photographic lineup was impermissibly suggestive, the magistrate judge observed:

> All of the men in the photo lineup have dark brown hair, dark brown eyes, at least some form of a goatee, and all but one have at least a partial or "stubble" mustache. Their skin tones are not exactly the same but are similar. Three of the six have tattoos on their necks. Their hair varies in length, but all appear to have hair of similar texture. The men appear to be similar in age and build. The photographs are proportional in size to one another. Across all photographs, the background color and lighting is consistent.

In this court's de novo review, this court makes the same observations of the photo lineup. The court further notes that all of the men in the photo lineup were wearing the same type of shirt. Defendant's skin tone appears as dark or darker than that of two of the individuals in the photo lineup. Defendant's race, which defendant does not identify in either his written or oral arguments, and according to Agent Warkenthein's testimony, the witness also did not identify, is not controlling.

The fact that defendant had a pony tail does not render the photo lineup impermissibly suggestive or isolate defendant in the lineup. As the Eighth Circuit has noted: "Reasonable variations in hair length and facial hair are not impermissibly suggestive, especially as they can vary on any given person at different times." *Schawitsch v. Burt,* 491 F.3d 798, 803 (8th Cir. 2007).

If the pony tail constitutes a unique attribute, defendant has failed to explain why the pony tail suggested that he committed the crime. *See United States v. Gilbert*, 721 F.3d 1000, 1007 (8th Cir. 2013). The witness described the individual with the gun as wearing a black shirt, blue jeans or jeans, and a red hat. She never identified the individual by his having a pony tail or a neck tattoo.

Because the court finds that the lineup was not impermissibly suggestive, it need not address whether the identification procedure created a substantial likelihood of irreparable misidentification. *See United States v. Harris,* 636 F.3d 1023, 1026 (8th Cir. 2011) ("Only if the photographic lineup was impermissibly suggestive must we proceed to analyze, under the totality of the circumstances, whether the impermissibly suggestive lineup created a likelihood of misidentification violating due process.").

Based on the foregoing, it is

ORDERED that the court adopts the report and recommendation of the magistrate judge to deny defendant's Motion to Suppress Identification Evidence (Docket 19) as supplemented by this order.

Dated April 21, 2014.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE